# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHIAS MUELLER,<br><br>                    Plaintiff,<br><br>  v.<br><br>SAN DIEGO ENTERTAINMENT PARTNERS, LLC, a California Limited Liability Company; DAVE DEAN, an individual and DOES 1 through 25, inclusive,<br><br>                    Defendants. | CASE NO. 16cv2997-GPC(NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Dkt. No. 10.]** |

    Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 10.) An opposition as well as a reply were filed. (Dkt. Nos. 12, 13.) Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**Background**

    On December 9, 2016, Plaintiff Matthias Mueller ("Plaintiff") filed a complaint against Defendants San Diego Entertainment Partners, LLC ("SDEP") and Dave Dean ("Dean") (collectively "Defendants") for violations of § 10b and Rule 10b-5 of the Securities and Exchange Act of 1934, fraudulent inducement, negligent misrepresentation, California securities fraud, rescission pursuant to California Corporations Code section 25501 and violation of California's Business & Professions

Code section 17200 *et seq*. (Dkt. No. 1, Compl.)

According to the Complaint, Defendant SDEP was organized to acquire, develop and operate a nightclub called "Avalon San Diego", similar to Avalon Hollywood, at a building located at 4th Avenue and B Street in San Diego, CA. (Id. ¶¶ 6, 10.) Defendant Dean is one of the two managers of SDEP. (Id. ¶ 7.) Around July 2013, Dean approached Plaintiff seeking his investment in "Avalon San Diego." (Id. ¶ 10.) Dean represented that they had previously developed Avalon Hollywood in 2002 and Avalon San Diego would be a similarly successful project. (Id.) Over the following months, Dean would call and send emails and text messages to Plaintiff about the status of Avalon San Diego. (Id. ¶ 11.) During this time, in order to lure Plaintiff's investment in Avalon San Diego, Dean made the following alleged misrepresentations:

a) that Defendants would immediately embark on renovating and remodeling the venue resulting in a brand new nightclub;
b) that the venue would be open within (sic) few months, accomodating (sic) various activities including live entertainment, international touring DJs, dance club nights, special events and media/film production;
c) that with Plaintiff's investment, the project would be sufficiently funded to move forward;
d) that Defendants would lease the building;
e) that the venue would generate high return for Plaintiff.

(Id. ¶ 12.) Plaintiff said he would only agree to make an investment if SDEP immediately started construction to develop the venue. (Id. ¶ 13.) In an email dated April 20, 2014, Dean stated they were starting on some initial demolition work. (Id. ¶ 14.) In an email dated August 27, 2014, Dean represented that the fund raising for adequate funds for Avalon San Diego would end by early to mid-September and SDEP was ready to initiate construction in September 2014. (Id. ¶ 15.) However, these statements were later discovered to be false. (Id.) Relying on these representations, Plaintiff agreed to acquire Units of membership interest in Avalon, San Diego. (Id. ¶ 16.) Around October 31, 2014, Plaintiff and Defendant entered into a subscription agreement ("Agreement") where Plaintiff agreed to purchase Units in Avalon San Diego and transferred $200,000 to Defendants' bank account. (Id. ¶ 17.) Dean reiterated the promises representing that they would move forward with the project

immediately and that within a few months the venue would be open to the public. (Id. ¶ 18.)

Plaintiff was under the reasonable impression that Defendants would immediately start constructing, renovating and remodeling the venue and that the venue would open its doors to the public within a few months and that the project would be sufficiently funded to move forward. (Id. ¶ 21.) He reasonably relied on Defendants' representations because they presented Plaintiff with a monthly beverage credit once Avalon San Diego opened to the public and Dean represented that he had been part of the development team for Avalon Hollywood, a successful project, and he had extensive experience in owning, directing, and operating nightclubs in San Diego, London, San Francisco, and Los Angeles for at least 25 years. (Id. ¶¶ 19, 20.)

Later, Plaintiff learned Defendants' representations were false as they had no intention to start remodeling, renovating, and opening the venue immediately after Plaintiff bought the Units, that the venue would not be open to the public within a few months, that Defendants contemplated purchasing the building so the project was not sufficiently funded and that the venue would not generate high returns for Plaintiff. (Id. ¶ 22.)

As a result of the misrepresentations, Plaintiff has incurred damages. (Id. ¶ 23.) More than a year and a half has passed since the Agreement was executed and Defendants have been paying rents on the building without taking a step towards remodeling, renovating and opening the venue. (Id. ¶ 23.) Defendants have failed and refused to return Plaintiff's money. (Id. ¶ 24.)

**Discussion**

**A.    Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police

Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**B.  Legal Standard on Federal Rule of Civil Procedure 9(b)**

A cause of action alleging fraud, as in this case, must also comply with Rule 9(b) which requires that the circumstances constituting fraud must be plead with

particularity. Fed. R. Civ. P. 9(b). Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Id. To satisfy the heightened pleading requirements, the plaintiff must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (internal citations omitted). In addition, the complaint must indicate "what is false or misleading about a statement, and why it is false" and "be specific enough to give defendants notice of the particular misconduct that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106-07 (9th Cir. 2003) (internal citations omitted) ("[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

**C. Securities Exchange Act of 1934, § 10(b) and Rule 10b-5**

Defendants argue that the federal securities claim fails because the misrepresentations are not alleged with particularity and because the alleged statements are forward-looking and are protected by the safe-harbor provision. Plaintiff disputes Defendants' position arguing he has sufficiently alleged violations of the federal securities law.

Section 10(b) of the Securities Exchange Act of 1934 ("Act") makes it unlawful for "any person . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or . . . for the protection of investors." 15 U.S.C. § 78j(b). Rule 10b–5 implements this provision by making it unlawful for any person "[t]o employ any device, scheme, or artifice to defraud" or "make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading" or "[t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any

security." 17 C.F.R. § 240.10b-5(a), (b), & (c).

To state a securities fraud claim under § 10(b) of the Act and Rule 10b-5, a plaintiff must show (1) a material misrepresentation or omission, (2) scienter, (3) in connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 37 (2011) (citation omitted). A complaint alleging claims under section 10(b) and Rule 10b-5 must satisfy the pleading requirements of both the PSLRA and Rule 9(b). In re Verifone Holdings, Inc. Securities Litigation, 704 F.3d 694, 701 (9th Cir. 2012).

In 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") to curb abuses of securities fraud litigation. Amgen, Inc. v. Conn. Retirement Plans and Trust Funds, 133 S. Ct. 1184, 1200 (2013). These include "nuisance filings, targeting of deep-pocket defendants, vexatious discovery request and manipulation by class action lawyers." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 320 (2007). In response to these abuses, the PSLRA imposed a heightened pleading requirement under securities fraud actions under § 10(b) and Rule 10b-5 requiring that falsity and scienter be plead with particularity. Amgen, Inc., 133 S. Ct. at 1200; Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009).

Under the PSLRA's heightened pleading instructions, a complaint alleging that the defendant made a false or misleading statement must: "(1) 'specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading,' 15 U.S.C. § 78u–4(b)(1); and (2) 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind,' § 78u–4(b)(2)." Tellabs, Inc., 551 U.S. at 321. "It does not suffice that a reasonable fact finder plausibly could infer . . . the requisite state of mind." Id. at 313. Rather, the inference of scienter must be "cogent and at least as compelling as any opposing inference of nonfraudulent intent." Id.

To satisfy the requisite state of mind element, "a complaint must 'allege that the

defendant[ ] made false or misleading statements either intentionally or with deliberate recklessness.'" Zucco, 552 F.3d at 991 (citation omitted). Facts showing mere recklessness or a motive to commit fraud and opportunity to do so provide some reasonable inference of intent, but are not sufficient to establish a strong inference of deliberate recklessness. In re VeriFone Holdings, Inc. Sec. Litig., 704 F.3d at 701. If allegations of false statements are based on information and belief, the complaint must "provide, in great detail, all the relevant facts forming the basis for that belief." In re Immune Response Sec. Litig., 375 F. Supp. 2d 983, 1017 (S.D. Cal. 2005). The heightened pleading requirements of the PSLRA "are an unusual deviation from the usually lenient requirements of federal rule pleadings." Ronconi v. Larkin, 253 F.3d 423, 437 (9th Cir. 2001).

Defendants first argue that the complaint does not specify each statement alleged to have been misleading, the reasons why and the state of mind of Defendants; therefore, the allegations are not sufficient under 15 U.S.C. § 78u-4(b)(1). Plaintiff disagrees.

The Court disagrees with Defendants' interpretation of the facts. The complaint specifies the alleged misrepresentations made by Defendant Dean. (Dkt. No. 1, Compl. ¶ 12.) Plaintiff alleges

> a) that Defendants would immediately embark on renovating and remodeling the venue resulting in a brand new nightclub;
> b) that the venue would be open within (sic) few months, accommodating (sic) various activities including live entertainment, international touring DJs, dance club nights, special events and media / film production;
> c) that with Plaintiff's investment, the project would be sufficiently funded to move forward;
> d) that Defendants would lease the building;
> e) that the venue would generate high return for Plaintiff.

(Id.) In an email dated April 20, 2014, Dean stated they were starting on some initial demolition work. (Id. ¶ 14.) Later, in an email dated August 27, 2014, Dean represented that the fundraising to accumulate adequate funds would conclude by early to mid-September and that SDEP would be ready to start construction in September

2014. (Id. ¶ 15.) However, according to the complaint, these representations, that induced Plaintiff to invest in the Avalon San Diego, were false. (Id. ¶ 22.) In addition, Plaintiff claims that more than a year and a half has passed since the execution of the Agreement and Defendants have been leasing the building without taking any single steps toward remodeling, renovating and opening the venue and the building remains in the same condition as it was at the time Defendants made the representations to Plaintiff. (Id. ¶ 23.) These facts specify each statement made by Dean that was allegedly misleading and the reasons why they were misleading, and therefore satisfy the PSLRA's heightened pleading requirement and Rule 9(b).

Defendants ask the Court to accept their version of the facts as the allegations "are only statements that could not have been untrue when they were made, and therefore, they are not actionable." (Dkt. No. 10 at 10.) For example, the fact that Plaintiff alleged that he would receive a beverage credit once the project opened means that Defendants "could not have had the intent at the time any representation was made to not actually open the club since it would be necessary for the club to be open to give a beverage credit." (Id. at 11.) A contrary inference could also be made that Dean offered the beverage credit, without intending to provide one, in order to induce Plaintiff to invest in Avalon San Diego. On a motion to dismiss, the Court must draw all reasonable inferences in favor of Plaintiff. Thus, Defendants' arguments based on their interpretation of the allegations are not convincing.

Second, Defendants argue that the complaint does not sufficiently allege the state of mind of Defendants, and the Court agrees. The PSLRA's heightened pleading requirement demands that the complaint, as to each act, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The complaint must allege facts that Defendants made false statements either intentionally or establish a strong inference of deliberate recklessness. See In re VeriFone Holdings, Inc. Sec. Litig., 704 F.3d at 701. As to state of mind, the Complaint merely alleges that "Defendants acted knowingly or

severely reckless in this actions and inactions." (Dkt. No. 1, Compl. ¶ 27.) These are conclusory statements and do not constitute particular facts to support Defendants' state of mind for purposes of a securities fraud claim.

Next, Defendants argue that there is no federal securities liability for forward-looking statements such as those alleged in the complaint that are accompanied by cautionary statements as those provided in the Agreement.[1] Plaintiff argues that the safe harbor provision does not apply because the cautionary statement in the Agreement is boilerplate language and not "meaningful" as is required under the PSLRA.

The PSLRA provides a safe harbor for forward-looking statements alleged at the pleading stage. See In re Cutera Sec. Litig., 610 F.3d 1103, 1111 (9th Cir. 2010). "[C]orporations and individual defendants may avoid liability for forward-looking statements that prove false if the statement is 'accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement.'" Harris v. Ivax Corp., 182 F.3d 799, 803 (11th Cir. 1999) (quoting 15 U.S.C. § 78u–5(c)(1)(A)(I)). A forward-looking statement is "a statement of the plans and objectives of management for future operations, including plans or objectives relating to the products or services

---

[1] Plaintiff did not attach a copy of the subscription agreement to his complaint even though it is referenced and relied on for his allegations against Defendants. In their opposition, Defendants attach a copy of the subscription agreement arguing that the Court may consider it as it is incorporated by reference in the complaint. In reply, Plaintiff does not oppose the authenticity of the Agreement.

A court can consider documents that are incorporated by reference but not physically attached to a complaint if they are central to the plaintiff's claims and no party questions their authenticity. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("Review is generally limited to the contents of the complaint, but a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document.") "[W]hen [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading" Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (citations omitted) (overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)). Therefore, the Court considers the subscription agreement that Defendants attach to their motion as it is referenced in the complaint, the claims rely on this document and Plaintiff does not dispute the authenticity of the Agreement.

of the issuer . . . [or] a statement of future economic performance, including any such statement contained in a discussion and analysis of financial condition by the management . . . ." 15 U.S.C. §§ 78u-5(i)(1)(B) & (C). The safe harbor provision states in relevant part that:

> a person . . . shall not be liable with respect to any forward-looking statement, whether written or oral, if and to the extent that–
>
> (A) the forward-looking statement is–
>
> (i) **identified as a forward-looking statement, and is accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement; or**
>
> (ii) immaterial; or
>
> (B) the plaintiff fails to prove that the forward-looking statement–
>
> (i) if made by a natural person, was made with actual knowledge by that person that the statement was false or misleading; or
>
> (ii) if made by a business entity;[,] was–
>
> (I) made by or with the approval of an executive officer of that entity; and
>
> (II) made or approved by such officer with actual knowledge by that officer that the statement was false or misleading.

15 U.S.C. § 78u–5(c)(1) (emphasis added). A forward looking statements may fall within the safe harbor under two circumstances: "if they were identified as forward-looking statements and accompanied by meaningful cautionary language, under subsection (A)(i); or if the investors fail to prove the projections were made with actual knowledge that they were materially false or misleading, under subsection (B)." In re Cutera Sec. Litig., 610 F.3d at 1112.

The safe harbor provision states that the cautionary statement must be meaningful. 15 U.S.C. § 78u–5(c)(1)(A)(i); see also Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund, 353 F.3d at 1132 (forward-looking statements accompanied by meaningful cautionary statements are subject to a safe harbor under the PSLRA). To be "meaningful," the cautionary language must identify "important

factors that could cause actual results to differ materially from those in the forward-looking statement." 15 U.S.C. § 78u–5(c)(1)(A)(i). "[B]oiler plate language warning that investments are risky or general language not pointing to specific risks is insufficient to constitute a meaningful cautionary warning." Copper Mountain, 311 F. Supp. 2d 857, 882 (N.D. Cal. 2004). "The cautionary warning ought to be precise and relate directly to the forward-looking statements at issue" and can include boiler plate warnings. Id.

Here, Dean's statements constitute forward looking statements as they concerning plans for future operations. The cautionary statement, not disputed by the parties, is documents in the Agreement and states,

> Investment in the Units involves risk of loss by the Investor of the entire investment and there is no assurance, and the Investor has received no assurance, of any income from the investment in the Units.

(Dkt. No. 10, Dean Decl., Ex. A, Agreement ¶ 1.4.) The cautionary statement addresses Dean's representation that the project would generate high returns to Plaintiff. However, Dean made several other statements that are not accompanied by meaningful cautionary statements that identify "important factors that could cause actual results to differ materially from those in the forward-looking statement." Dean stated that renovations would begin immediately, the opening of the Avalon San Diego would occur within a few months after renovations began, the project would be sufficiently funded and Defendants would lease the building. The cautionary statement in the Agreement does not address any of these risks. Therefore, the Court concludes that the alleged forward looking misrepresentations are not protected by the safe harbor provision of the PSLRA.[2]

Lastly, Defendants argue that the securities cause of action is barred by the Santa Fe doctrine because the complaint alleges that the project was not constructed because

---

[2] In response, Plaintiff also argues that the safe harbor provision, under 15 U.S.C. § 78u-5(c)(1)(B)(i) does not apply because Defendants had actual knowledge that the statements were false. Since Defendants did not raise this provision as part of their motion to dismiss, the Court declines to address the issue.

there were insufficient funds after management decided to purchase the building instead of leasing it. Defendants contend that these allegations amount to internal corporate mismanagement and not federal securities violations. In <u>Santa Fe Indus., Inc. v. Green</u>, 430 U.S. 462, 479 (1972), the Supreme Court held that federal securities law does "not seek to regulate transactions which constitute no more than internal corporate mismanagement." <u>Id.</u> at 479. The Court disagrees with Defendants' argument that the complaint alleges that the project was not constructed because Defendants decided to purchase the building instead of leasing it. Such an assertion is not in the complaint. Instead, the complaint alleges that Dean lured Plaintiff to give him $200,000 by making promises to him and failing to take any steps towards developing, renovating and remodeling Avalon San Diego. (Dkt. No. 1, Comp. ¶¶ 12, 23-24.) At this stage of the proceedings, the Court concludes that the <u>Santa Fe</u> doctrine does not apply.

In sum, the Court GRANTS Defendants' motion to dismiss the federal securities cause of action for failing to allege scienter under the PSLRA and Rule 9(b) standard.

**D.    Fraudulent Inducement**

Defendants argue that this claim fails to allege with specificity the misrepresentations that were made and that future predictions cannot state a claim for fraudulent inducement. Plaintiff argues he has plead the specific statements that were false and the reasons why but does not address whether future predictions can state a claim.

Under California law, the elements of a fraudulent inducement claim are: (a) misrepresentation; (b) scienter; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage. <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996). Fraud in the inducement is a subset of the tort of fraud and "occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable." <u>Hinesley v. Oakshade Town Ctr.</u>, 135 Cal. App. 4th 289, 294 (2005) (internal citations and quotations omitted).

The facts alleged are the same as the federal securities claim. As discussed above, the Court concluded that the complaint does not sufficiently allege that defendant acted with scienter as required under Rule 9(b). Similarly, since scienter is an element of fraudulent inducement, Plaintiff has not alleged sufficient facts supporting scienter with particularity. Therefore, the Court GRANTS Defendants' motion to dismiss for failing to allege facts to support scienter.

Moreover, it is a general rule that "predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud." 5 Witkin, Summary of Cal. Law, Torts, § 678, pp. 779-80 (9th ed. 1988); Richard P. v. Vista Del Mar Child Care Serv., 106 Cal. App. 3d 860, 865 (1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts; predictions of future events are ordinarily considered nonactionable expressions of opinion."). An exception to this rule exists "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; [and] (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." Cohen v. S & S Construction Co., 151 Cal. App. 3d 941, 946 (1983) (quoting Borba v. Thomas, 70 Cal. App. 3d 144, 152 (1977) (the plaintiff stated a cause of action for fraud and negligent misrepresentation)). "Examples of actionable statements under these exceptions include a sales agent's representation that a condominium with structural defects was nevertheless luxurious and an outstanding investment . . . and a realtor's opinion that the purchaser of a particular lot would have an enforceable access easement." Id. at 946 (citations omitted).

The parties have not sufficiently addressed whether the alleged fraudulent statements are future predictions that cannot state a claim or whether they fall under an exception. Therefore, because the Court grants Defendants' motion to dismiss based on Plaintiff's failure to allege facts to support scienter, the Court declines to conduct

an analysis at this time without adequate legal analysis by the parties. In the event that Plaintiff cures the deficiencies in alleging scienter, and Defendants file another motion to dismiss, the parties may address whether the allegations of future opinions are barred at that time.

**E.      Negligent Misrepresentation**

Defendants again argue that the allegations concerning negligent misrepresentation are cursory and not alleged with specificity and that future predictions cannot state a claim. Plaintiff argues he has plead the specific statements that were false and the reasons why but does not address whether future predictions can state a claim.

The elements of negligent misrepresentation are: " (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986). Negligent misrepresentation "does not require scienter or intent to defraud." Small v. Fritz Companies, Inc., 30 Cal. 4th 167, 163-64 (2003). "An essential element of a cause of action for negligent misrepresentation is that the defendant must have made a misrepresentation as to a past or existing material fact." Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 835 (2002) (citation omitted). "The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action. Representations of value are opinions." Id. (citations omitted); Cansino v. Bank of America, 224 Cal. App. 4th 1462, 1469 (2014) (citation omitted) ("Statements or predictions regarding future events are deemed to be mere opinions which are not actionable.").

As noted above, there is an exception to the general rule that future predictions cannot state a claim for negligent misrepresentation "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably

rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; [and] (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." Cohen, 151 Cal. App. 3d at 946(quoting Borba, 70 Cal. App. 3d at 152).[3]

Here, the alleged misrepresentations are based on future predictions or opinions and are not actionable unless they fall under an exception. Plaintiff has not demonstrated that Dean's statements fall under an exception. Accordingly, the Court GRANTS Defendants' motion to dismiss the cause of action for negligent misrepresentation.

**F. State Securities Fraud Cause of Action**

Plaintiff alleges violations of California Corporation Code sections 25401, 25501 (rescission), 25504, 25504.1 based on the same underlying facts as the federal securities fraud claim. (Dkt. No. 1, Compl. ¶¶ 39-47.)

Section 25401 provides that,

> It is unlawful for any person to offer or sell a security in this state or buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

Cal. Corp. Code § 25401; see also Boam v. Trident Fin. Corp., 6 Cal. App. 4th 738, 742 (1992).

The California Corporate Securities Law of 1968 includes three sections concerning fraudulent and prohibited practices in the purchase and sale of securities, namely §§ 25400-25402. Relevant in this case, section 25401 prohibits

---

[3] Moreover, certain broken promises of future conduct or performance may be actionable in an action for intentional misrepresentation but not negligent misrepresentation. Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 158 (1991) (trial court properly sustained demurrer on cause of action for negligent misrepresentation); Stockton Mortg., Inc. v. Tope, 233 Cal. App. 4th 437, 458 (2014) ("Although a false promise to perform in the future can support an intentional misrepresentation claim, it does not support a claim for negligent misrepresentation.").

misrepresentation in connection with the purchase or sale of securities in general. California Amplifier, Inc. v. RLI Ins. Co., 94 Cal. App. 4th 102, 108-09 (2001). While section 25401 is penal in nature, the corresponding section 25501 establishes a private remedy for damages. California Amplifier, Inc. v. RLI Ins. Co., 94 Cal. App. 4th 102, 113 (2001); Cal. Corp. Code. § 25501.

California securities fraud requires that a plaintiff show that "defendant engaged in a material misrepresentation or omission of fact, with scienter, in connection with the purchase or sale of a security, and economic loss." Cal. Corp. Code §§ 25401, 25501.

The Court has concluded above that Plaintiff has failed to allege a cause of action under § 10(b) and Rule 10b-5 based on the failure to plead scienter with the requisite factual allegations. Since this is also a requisite element in a state securities claim, the Court also GRANTS Defendants' motion to dismiss the state securities claim.[4] See Mausner v. Marketbyte LLC, 12cv2461-JM(NLS), 2013 WL 12073832, at *12 (S.D. Cal. Jan. 4, 2013) (applying same analysis since elements of California securities fraud are similar to federal securities fraud); Oak Indus., Inc. v. Foxboro Co., 596 F. Supp. 601, 606 (S.D. Cal. 1984) (finding that "the federal constructions are useful in construing state law").

Defendants also argue that forward looking statements made also fail to allege a claim under state securities law. Plaintiff does not address this argument. Because the Court GRANTS Defendants' motion to dismiss the state securities claim for failing to allege scienter, the Court declines to address the issue as it is not clear whether forward looking statements are exempt from the state securities law. Defendant's citation to People v. Simon, 9 Cal. 4th 493, 523 (1995) does not support the proposition that state securities law has a similar federal safe harbor provision for forward looking statements.

---

[4] In making their arguments, Defendants lump all provisions of the state securities claim alleged in the complaint.

**G. UCL**

Defendants argue that the UCL claim should be dismissed as all the other claims fail to state a claim for relief. Plaintiff opposes.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each of these three adjectives captures a separate and distinct theory of liability." Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (quotation marks omitted). Allegations of fraud under section 17200 must comply with Rule 9(b) Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) particularity requirement to UCL claim grounded in fraud).

The unlawful prong of the UCL incorporates "violations of other laws and treats them as unlawful practices." Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This prong creates an "independent action when a business practice violates some other law." Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1169 (2002). A UCL claim "stands or falls depending on the fate of antecedent substantive causes of action." Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001).

A business act or practice is "unfair" when the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). Where a claim of an unfair act or practice is predicated on public policy, Cel-Tech requires that the public policy which is a predicate to the action must be "tethered to specific constitutional, statutory or regulatory provisions." Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1166 (2000) (Cel-Tech holding that "*any* claims of unfairness under the UCL should be defined in connection with a legislatively declared policy" also applied to UCL actions brought by consumers).

To state a claim under the fraudulent prong of the UCL, "it is necessary only to

show that members of the public are likely to be deceived" by the business practice. Prakashpalan v. Engstrom, Lipscomb and Lack, 223 Cal. App. 4th 1105, 1134 (2014).

Here, the allegations in the UCL cause of action are conclusory stating merely "[b]y reasons of Defendants' fraudulent, deceptive, and unfair conduct as herein alleged, Defendants have violated California Business and Professions Code section 17200, (Dkt. No. 1, Compl. ¶ 49), without providing facts as to how Defendants violated each prong of the UCL. Thus, the Court GRANTS Defendants' motion to dismiss the UCL cause of action.

## H.     Individual Defendant Dean's Liability

Defendants argue that Dean is not liable as a control person under 20(a) of the Act and should be dismissed. Plaintiff believes he has adequately pleaded that Dean, as one of only two managers of the corporation, should be jointly liable.

In order to prove a prima facie case under § 20(a) of the Act, 15 U.S.C. § 78t(a), a plaintiff must show: (1) a primary violation of federal securities laws . . . ; and (2) that the defendant exercised actual power or control over the primary violator." Howard v. Everex Sys., Inc., 228 F.3d 1057, 1065 (9th Cir. 2000). Whether a defendant is a "controlling person 'is an intensely factual question,' involving scrutiny of the defendant's participation in the day-to-day affairs of the corporation and the defendant's power to control corporate actions." Kaplan v. Rose, 49 F.3d 1363, 1382 (9th Cir. 1994) overruled on other grounds by City of Dearborn Heights Act 345 Policy & Fire Retirement Sys. v. Align Tech, Inc., –F.3d–, 2017 WL 1753276, at *6 (May 5, 2017).

Defendants argue that the complaint does not sufficiently plead an independent violation of the Act; therefore, Dean should be dismissed. Moreover, even if the complaint alleged an independent violation of the Act, the § 20(a) allegation must be plead with specificity which the complaint does not. Plaintiff opposes contending that

he has properly pleaded all causes of action and Dean is one of only two managers[5] and made the misrepresentations to him and he should be jointly liable.

Here, because Plaintiff's federal securities claim fails, he cannot assert a prima facie case under § 20(a) of the Act. Therefore, the Court GRANTS Defendants' motion to dismiss Dean.

**I.     Leave to Amend**

In the event the Court grants Defendants' motion to dismiss, Plaintiff requests that the Court grant him leave to file an amended complaint. In this case, Plaintiff may be able to cure the deficiencies noted above and GRANTS Plaintiff's request for leave of court to file an amended complaint. See DeSoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion to dismiss with leave to amend. Plaintiff shall file a first amended complaint within 14 days of the filed date of this order. The hearing set for May 26, 2017 shall be **vacated.**

IT IS SO ORDERED.

DATED: May 22, 2017

HON. GONZALO P. CURIEL
United States District Judge

---

[5]Plaintiff argues the Dean is an officer of SDEP; however, the complaint does not make that assertion.