# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MATTHIAS MUELLER, | CASE NO. 16cv2997-GPC(NLS) |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| SAN DIEGO ENTERTAINMENT PARTNERS, LLC, a California Limited Liability Company; DAVE DEAN, an individual and DOES 1 through 25, inclusive, | [Dkt. No. 30.] |
| Defendants. | |

Before the Court is Plaintiff's motion for leave to file a second amended complaint. (Dkt. No. 30.) An opposition as well as a reply were filed. (Dkt. Nos. 32, 33.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint.

**Background**

On December 9, 2016, Plaintiff Matthias Mueller ("Plaintiff") filed a complaint against Defendants San Diego Entertainment Partners, LLC ("SDEP") and Dave Dean ("Dean") (collectively "Defendants") for securities violations and related causes of action. (Dkt. No. 1.) On May 22, 2016, the Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 14.) On June 4, 2017, Plaintiff filed a first amended complaint ("FAC") alleging violations of § 10b and Rule 10b-5 of the

Securities Exchange Act of 1934, violation of Section 20(a) of the Securities Exchange Act of 1934, fraudulent inducement, negligent misrepresentation, California securities fraud, rescission pursuant to California Corporations Code section 25501, and violation of California's Business & Professions Code section 17200 *et seq*. (Dkt. No. 15, FAC.) On August 7, 2017, the Court denied Defendant's motion to dismiss. (Dkt. No. 20.)

In his motion, Plaintiff seeks to add John Lyons, one of the two managing members and officers of Defendant SDEP, who Plaintiff discovered recently, was highly involved in the day-to-day management of SDEP and the events leading up to the filing of this case. Defendant opposes.

## Discussion

**A.     Legal Standard Under Federal Rule of Civil Procedure 15(a)**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading may be allowed by leave of the court and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. Internat'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, DCD Programs, 833 F.2d at 186, but when combined with a showing

| | |
|---|---|
| 1 | of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. |
| 2 | Bowles v. Reade, 198 F.2d 752, 758 (9th Cir. 1999). Of these considerations, "it is the |
| 3 | consideration of prejudice to the opposing party that carries the greatest weight." |
| 4 | Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per |
| 5 | curiam). "Absent prejudice, or a strong showing of any of the remaining [four] factors, |
| 6 | there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. |

Of the five factors, Defendants solely argue that Plaintiff unreasonably delayed in seeking to add Lyons. They contend that Plaintiff always knew the existence of Lyons yet waited for more than a year to seek leave to add him. Plaintiff explains that he did not know the extent of Mr. Lyons involvement in Avalon San Diego until Lyons' deposition was taken on December 11, 2017. (Dkt. No. 33-1, Sharif Decl. ¶ 3; id., Ex. A.) While Plaintiff was aware that Lyons was the other managing member of SDEP, all his communications were with Defendant Dean and he did not have sufficient facts to assert claims against Lyons.

The Court concludes that there has been no undue delay in filing this motion. As Plaintiff explains, he did not know the extent of Lyons' involvement until his deposition on December 11, 2017, and when he did, he promptly filed a motion for leave to amend which is also within the prescribed time in the court's scheduling order. Moreover, this case is still in its early stages. Defendants have not articulated any reasons why they are prejudiced or that Plaintiff acted in bad faith. Furthermore, even if there was undue delay, that alone, is not sufficient to deny a motion to amend. See DCD Programs, 833 F.2d at 186. Accordingly, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint.

////
////
////
////
////

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for leave to file a second amended complaint. Plaintiff shall file the proposed second amended complaint within three (3) days of the filing of this order. The hearing set for March 2, 2018 shall be **vacated.**

IT IS SO ORDERED.

DATED: February 21, 2018

HON. GONZALO P. CURIEL
United States District Judge